UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FREDDIE SERNA-GUTIERREZ          MOVANT/DEFENDANT

v.          CIVIL ACTION NO. 3:05-CV-232-H
CRIMINAL ACTION NO. 3:99-CR-11-H

UNITED STATES OF AMERICA          PLAIINTIFF/RESPONDENT

MEMORANDUM OPINION

Movant/Defendant, Freddie Serna-Gutierrez, *pro se*, moves to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, on the basis of *Booker v. United States*, 125 S.Ct. 738 (2005). This matter is before the Court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts. 28 U.S.C.A. following § 2255. The Court will dismiss the motion as time-barred.

I.

On June 30, 1999, the Court entered Judgment against Defendant on a conviction, pursuant to a guilty plea, of reentry of deported alien, 8 U.S.C. § 1326. The Court sentenced Defendant to serve 96 months in prison, and 36 months of supervised release. Defendant appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed the conviction on January 4, 2001.

More than four years later, on April 18, 2005, Defendant filed this § 2255 motion. Defendant seeks a reduction of his sentence to 24 months imprisonment on the ground that the use of prior convictions and the mandatory application of the Federal Sentencing Guidelines violated his Sixth Amendment rights, in light of the recent holding of the United States Supreme Court in *Booker*.

**II.**

Generally, a defendant must file a motion attacking a sentence within one year after a final, judgment of conviction. 28 U.S.C. § 2255, ¶ 6.[1] Defendant's conviction became final on April 4, 2001, 90 days after the Sixth Circuit affirmed the conviction, that is, when the time expired for filing a petition for certiorari in the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Defendant's motion, filed April 4, 2005, therefore falls outside the limitations period.

Because Defendant attacks his sentence under *Booker*, the issue arises whether his motion may be timely under the limitations rule for § 2255 motions based on newly, recognized rights made retroactive to cases on collateral review. *See* § 2255, subsection (3) of ¶6 (quoted in fn 1 herein). The Sixth Circuit ruled recently, however, that the *Booker* decision has no retroactive application to cases under collateral attack. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Humphress therefore forecloses application of the longer limitations period.

Because Defendant attacks his sentence more than one year after the final, judgment of conviction, the motion is time-barred.

**III.**

The Court will now address Defendant's right of appeal, under 28 U.S.C. § 2253. This statute provides there is no right of appeal from a final order in a habeas corpus proceeding to the

---

[1] Section 2255 states:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1) the date on which the judgment of conviction becomes final; ...
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; ... .

court of appeals unless "the judge issues a certificate of appealability." § 2253(c)(1). The judge may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When dismissal rests on procedural grounds, a right of appeal arises if "jurists of reason would find it debatable" whether the procedural ruling is correct and whether the petition states a valid constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court is satisfied no jurists of reason would find debatable whether Defendant's motion is time-barred, the Court will deny a certificate of appealability.

The Court will enter an Order consistent with this Memorandum Opinion.

Dated:

cc:     Movant/Defendant, *pro se*
        United States Attorney

4414.007